**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HALAYIAH CAMPBELL, ) | |
| ) | |
| **Plaintiff,** ) | **Case: 1:25-cv-07355** |
| ) | |
| **v.** ) | |
| ) | |
| **SOUTH COOK INTERMEDIATE** ) | |
| **SERVICE CENTER 4,** ) | **Jury Trial Demanded** |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

Plaintiff, Halayiah Campbell ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against South Cook Intermediate Service Center 4 ("Defendant"), and in support states, as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's pregnancy-based discrimination, pregnancy-based harassment, and retaliation for engaging in a protected activity in violation of Title VII.

2.     This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

3.     This lawsuit also arises under the Americans with Disabilities Act of 1990, as amended ("ADA"), seeking redress for Defendant's discrimination on the basis of Plaintiff's

disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Halayiah Campbell, resided in Cook County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant, South Cook Intermediate Service Center 4, is a corporation doing business in and for Cook County, Illinois, whose address is 253 W Joe Orr Road, Chicago Heights, IL 60411-1744.

12. At all times relevant, Plaintiff was employed and worked at South Cook

2

Intermediate Service Center 4, which is in Cook County, Illinois.

13.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

14.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

15.     Plaintiff worked for Defendant as an Administrative Assistant from in or around 2019 until the present.

16.     Since at least 2019, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

17.     Plaintiff is female and pregnant and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

18.     Plaintiff is disabled and is a member of a protected class because of her disability whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

19.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

20.     Plaintiff suffers from a physical impairment, specifically, pre-eclampsia, which substantially limits major life activities by causing severe swelling and high blood pressure, thereby impacting the functioning of her bodily systems and walking.

21.     Regardless of Plaintiff's disability, she was qualified and able to perform the

essential functions of her job.

22.     Plaintiff disclosed her pregnancy to her supervisor, Anthony, in or around November 2024.

23.     Following this disclosure, Plaintiff began facing ongoing issues with her co-worker Beth (LNU).

24.     Beth has repeatedly filed complaints about Plaintiff, including falsely accusing her of taking too many restroom breaks.

25.     Beth would follow Plaintiff to the bathroom and her various work stations, such as classrooms, the lamination area, etc., constantly questioning her whereabouts and what she was doing.

26.     Beth would then report to Plaintiff's supervisor that she was "leaving her workstation too many times," despite the fact that Plaintiff's job duties required her to perform these tasks and move about the school building.

27.     Beth also conspired with other employees, encouraging them to report Plaintiff to her supervisor.

28.     Plaintiff could take no more of the clear harassment.

29.     Thus, Plaintiff filed a harassment complaint with her supervisor, Anthony (LNU) against Beth in or around November 2024.

30.     Plaintiff reported Beth for her harassing actions and how she felt that her actions were inappropriate.

31.     Unfortunately, Anthony took no action to investigate or remedy the situation, allowing Beth's harassment to continue unchecked.

32. Beth's treatment of Plaintiff worsened after her protected complaint.

33. Additionally, others, such as Anthony, began participating in the pregnancy-based discrimination and harassment.

34. For example, Anthony responded inappropriately to Plaintiff's pregnancy by asking invasive questions about who the father was, where Plaintiff lived, and how she would afford the baby as a single parent.

35. Defendant's behavior created a hostile and discriminatory work environment.

36. After Plaintiff objected to Anthony's commentary on her pregnancy, Plaintiff began to face clear retaliation.

37. Plaintiff's workstation was taken away without explanation and was relocated to a maintenance work area in or around December 2024.

38. Plaintiff was unable to work comfortably in her new work area because of live electrical wiring under her desk.

39. Plaintiff requested an accommodation, such as moving the electric wires to allow her to rest her feet, however Plaintiff's request for accommodation was ignored.

40. Other non-pregnant employees did not have wiring under their desks.

41. In or around January 2025, Plaintiff began experiencing swelling and intermittent chest pain.

42. Plaintiff disclosed these symptoms to another supervisor, Jamie, and requested the reasonable accommodation of staying behind from her fieldwork duties.

43. Jamie, however, failed to engage in the interactive process to determine what accommodations would have been reasonable, and instead brushed aside Plaintiff's symptoms,

attributing them to "water retention."

44. Jamie insisted that Plaintiff continue working and driving to different sites, which only exacerbated her pregnancy-related symptoms.

45. On or about January 18, 2025, Plaintiff was admitted to the hospital due to severe swelling and chest pain.

46. She was then diagnosed with pre-eclampsia.

47. That same day, Plaintiff called Anthony to inform him of her hospitalization and newly diagnosed disability.

48. Anthony responded stating he would follow up and requested that Plaintiff update him when possible.

49. Plaintiff's doctor then told her that she would have to remain in the hospital for about eight weeks, or until she gave birth.

50. Plaintiff's doctor recommended remote work as a result of her disability and need to be hospitalized.

51. Thus, Plaintiff requested the reasonable accommodation to work from home.

52. Anthony denied Plaintiff's request to work remotely, stating that it was a "really long time."

53. Anthony failed to engage in the interactive process to determine what alternate accommodation would have been reasonable.

54. Anthony's purported justification for denying Plaintiff's request to work from home was because he couldn't find a reason to allow her to work remotely.

55. The denial was in spite of the fact that Defendant knew of Plaintiff's

6

hospitalization and severe disability.

56. Additionally, this denial to work from home was clear discrimination, as Defendant had permitted other non-pregnant and non-disabled employees to work remotely.

57. For example, April (LNU), John Shumate, Velda (LNU), and Margo Videly were all allowed to work remotely, but Plaintiff (pregnant, disabled) was not.

58. After requesting to work remotely, Plaintiff was placed on unpaid leave and not permitted to return to work.

59. Plaintiff gave birth prematurely on or about January 24, 2025.

60. Shortly after giving premature birth, Plaintiff was diagnosed with colon cancer.

61. Plaintiff was then approved for Short-Term Disability (STD) leave due to her colon cancer.

62. This approval occurred in or around February 2025, resulting in at least a month of lost wages to Plaintiff.

63. Plaintiff's expected return date was April 26, 2025.

64. However, Defendant failed to allow Plaintiff to return to work and instead placed her on long-term disability (LTD) leave.

65. Plaintiff is currently on LTD.

66. Plaintiff requested accommodations and was unreasonably denied by Defendant.

67. Defendant provided the requested accommodations to other employees not within Plaintiff's protected class.

68. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for remote work.

69.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

70.     Plaintiff suffered multiple adverse employment actions.

71.     There is a basis for employer liability for the sex-based and disability-based harassment that Plaintiff was subjected to.

72.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

73.     Plaintiff repeats and re-alleges paragraphs 1-72 as if fully stated herein.

74.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex and pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

75.     Plaintiff met or exceeded performance expectations.

76.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

77.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

78.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

79.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Harassment)

80.     Plaintiff repeats and re-alleges paragraphs 1-72 as if fully stated herein.

81.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

82.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's sex, female, and pregnancy.

83.     Defendants knew or should have known of the harassment.

84.     The sex-based harassment was severe or pervasive.

85.     The sex-based harassment was offensive subjectively and objectively.

86.     The sex-based harassment was unwelcomed.

87.     Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

88.     As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

89.     Plaintiff repeats and re-alleges paragraphs 1-72 as if fully stated herein.

90.     Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

91.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based and pregnancy-based discrimination and/or harassment.

92. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

93. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex and pregnancy discrimination and/or harassment.

94. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

95. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity, specifically increased harassment and moving her office to a less desirable area.

96. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based and pregnancy-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

97. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

98. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT IV
### Violation of the Pregnant Workers Fairness Act
### (Failure to Accommodate)

99. Plaintiff repeats and re-alleges paragraphs 1-72  as if fully stated herein.

100. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant

Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

101. Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg et seq.

102. Defendant was aware of the pregnancy and the need for accommodations.

103. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

104. Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

105. Defendant did not accommodate Plaintiff's pregnancy.

106. Plaintiff is a member of a protected class under the PWFA, due to Plaintiff's sex (female) and pregnancy.

107. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

108. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

109. Plaintiff repeats and re-alleges paragraphs 1-72 as if fully stated herein.

110. Plaintiff is a member of a protected class under Title VII and the PWFA due to her sex and pregnancy.

111. During Plaintiff's employment with Defendants, Plaintiff requested reasonable accommodations.

112. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C.

11

§2000gg et seq.

113. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

114. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically increased harassment and moving her work area to a less desirable location.

115. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

116. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

117. Plaintiff repeats and re-alleges paragraphs 1-72 as if fully stated herein

118. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

119. Plaintiff met or exceeded performance expectations.

120. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

121. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

122. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability, pre-eclampsia.

123. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

124. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VII**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

125. Plaintiff repeats and re-alleges paragraphs 1-72 as if fully stated herein.

126. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

127. Plaintiff is a qualified individual with a disability.

128. Defendant was aware of the disability and the need for accommodations.

129. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

130. Plaintiff's reasonable accommodations that were requested were not an undue burden on the Defendant.

131. Defendant did not accommodate Plaintiff's disability.

132. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

133. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

134. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of Americans with Disabilities Act
### (Retaliation)

135.   Plaintiff repeats and re-alleges paragraphs 1-72 as if fully stated herein.

136.   Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

137.   During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations.

138.   As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

139.   By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

140.   Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

141.   Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

142.   As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendants as follows:

    a.   Back pay;

14

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of June 2025.

/s/ *Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*


/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

15